# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 5, 2013

No. 12-10841
Summary Calendar

Lyle W. Cayce
Clerk

MARCUS J. PAYNE,

Plaintiff-Appellant

v.

ADAM PARKS, Individually and in His Official Capacity as Lieutenant of Texas
Department of Public Safety - Private Security Bureau,

Defendant-Appellee

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CV-497

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Marcus J. Payne moves for leave to proceed in forma pauperis (IFP) on
appeal from the dismissal of his 42 U.S.C. § 1983 action. Payne alleged that
Adam Parks violated his constitutional rights under the Eighth and Fourteenth
Amendments by summarily suspending his license to work as a private security
officer after receiving notice that he had been charged with theft. The district
court granted summary judgment in favor of Parks and further certified that an
appeal is not taken in good faith.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

When the district court certifies that an appeal is not taken in good faith under 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a)(3), the movant may either pay the filing fee or contest the district court's certification decision by filing a motion to proceed IFP with this court. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Accordingly, Payne's IFP motion is a challenge to the district court's certification that his appeal is not taken in good faith. *See id.*

Payne contends that the district court improperly granted Parks's second motion for summary judgment because the evidence submitted by Parks was insufficient. He also asserts, without further discussion, that he would "be able to produce admissible evidence that supports a triable issue." However, he does not address the district court's reasoning, nor does he cite to the record or to any evidence or relevant case law in support of his assertions.

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party must demonstrate the absence of a genuine issue of material fact, but it does not need to negate the elements of the nonmovant's case. *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). If the moving party meets this initial burden, then the burden shifts to the nonmovant to set forth specific evidence to support his claims. *Id.* We review the district court's grant of summary judgment de novo. *See Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).

Payne has failed to provide any evidence to support his claims and, therefore, has failed to show that there is a genuine issue of material fact with respect to his claims. *See Duffie*, 600 F.3d at 371. Further, insofar as he argues that the final judgment incorrectly assessed him with costs and attorneys fees, the district court did not enter any judgment assessing such fees or costs.

Accordingly, Payne's IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2.